# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | 5:06-cr-79 (HL) |
| CRAIG ALLEN KING, | : | |
| Defendant. | : | |

## ORDER

## I. INTRODUCTION

Defendant, Craig Allen King, filed a Motion to Reduce Sentence on May 6, 2008 (Doc. 30). The Court denied that Motion in an Order entered May 20, 2008 (Doc. 31). On June 6, 2008, Defendant filed a Notice of Appeal (Doc. 33) and a "Motion for Clarification of Court Decision Dated May 20, 2008" (Doc. 32). The Motion for Clarification asks the Court to reverse its decision to deny the Motion to Reduce Sentence; the Court therefore treats it as a Motion for Reconsideration.

## II. JURISDICTION

As a general rule, the timely filing of a notice of appeal divests the district court of jurisdiction to address the issues raised on appeal. See, e.g., United States v. Vicaria, 963 F.2d 1412, 1415 (11th Cir. 1992). However, the timely filing of a motion for reconsideration of a district court order serves to toll the time for filing a

notice of appeal.[1]  United States v. Cerceda, 172 F.3d 806, 811 n.3 (11th Cir. 1999); see also Vicaria, 963 F.2d at 1413.  Therefore, a motion for reconsideration filed after a notice of appeal, but within the time for filing an appeal, reinvests a district court with jurisdiction to reconsider its order.  United States v. Greenwood, 974 F.2d 1449, 1467-70 (5th Cir. 1992).  As a result, this Court must determine whether King's Motion for Reconsideration was filed within the time for filing a notice of appeal in order to decide whether it has jurisdiction to address the Motion.

A defendant's notice of appeal in a criminal case must be filed within 10 days after the entry of the judgment or order being appealed.  Fed. R. App. P. 4(b)(1)(A).  A judgment or order is entered for purposes of Rule 4(b) when it is entered on the criminal docket.  Fed. R. App. P. 4(b)(6).  The day of entry and intermediate Saturdays, Sundays, and holidays are excluded when computing the time within which the appeal must be filed.  Fed. R. App. P. 26(a).  The three days additional time given for mailing in Federal Rule of Appellate Procedure 26(c) are not applied when determining the time within which the appeal must be filed.  Lashley v. Ford Motor Co., 518 F.2d 749, 750 (5th Cir. 1975) (noting that since a court of appeals has no jurisdiction over a case until a notice of appeal is timely filed, Rule 26(c) has

---

[1] The United States Court of Appeals for the Eleventh Circuit has recognized that motions for reconsideration are not expressly authorized by the Federal Rules of Criminal Procedure but are nevertheless commonly utilized.  United States v. Vicaria, 963 F.2d 1412, 1413 (11th Cir. 1992).

no application to the Rule 4 requirements for timely filing appeals).[2]

Applying the foregoing rules to this case, King's Notice of Appeal, and thus his Motion for Reconsideration, were due on June 6, 2008. King's Notice of Appeal and Motion for Reconsideration, both having been received and entered on the docket on June 6, 2008, were timely. This Court therefore retains jurisdiction to consider the Motion.

## III.  ANALYSIS

King contends that state criminal charges pending against him were used to elevate his criminal history, which in turn increased his sentencing range. According to King, these charges have been dismissed, and the Court should therefore amend his Pre-Sentence Investigation Report and re-sentence him based on the presumably lower criminal history category.

Under the United States Sentencing Commission Guidelines, however, a criminal charges pending against a Defendant are not used to calculate the criminal history category. Points are added only for prior *sentences* and for certain characteristics associated with "the instant offense," i.e., the crime for which the defendant is being sentenced. U.S. Sentencing Guidelines Manual § 4A1.1. The dismissal of pending criminal charges therefore would not affect Defendant's criminal

---

[2] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

history category or sentencing range. Defendant's pending criminal charges could possibly have been used to increase his sentence if the Court departed upward from the guidelines. See id. § 4A1.3 (allowing upward departure if the defendant was pending trial or sentencing on another charge). There was, however, no upward departure in Defendant's sentence. As a result the dismissal of the pending charges would not affect his sentence.

The Motion for Reconsideration is therefore denied.

So ordered, this the 19th day of June, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch

4